Hillsborough,
No. 4414.

ERNEST J. CLOUTIER, d/b/a FEDERAL HOME INSULATORS.

*v.*

HENRY J. CHARLAND & a.

Argued December 6, 1955.

Decided December 31, 1955.

*Albert J. Lemieux* and *Osgood & Osgood* (*Mr. Clinton S. Osgood* orally), for the plaintiff.

*McCabe & Fisher* and *Harold D. Moran* (*Mr. Moran* orally), for the defendants.

BLANDIN, J. The first question which we shall consider is whether the Trial Court erred in denying the defendants' motion for a mistrial because the plaintiff and his counsel rode to the view on the bus with the jury. The answer depends on whether it "conclusively appears" that the trial was thereby rendered unfair. *Beckley* v. *Alexander,* 77 N. H. 255, 256. There is no claim nor any indication in the reserved case that the plaintiff or his attorneys did any intentional wrong or that they made any remarks which were likely to be heard by the jury or that they so conducted themselves, aside from the mere fact of their being there, as to prejudice the jury. The Trial Court by its denial of the motion for a mistrial has found in effect that the defendants had a fair trial (*State* v. *Ellard,* 95 N. H. 217, 223), and this finding is entitled to great weight. *McLaughlin* v. *Union-Leader,* 99 N. H. 492, 499. While the practice of counsel or parties riding to views or otherwise intermingling with jurors should be discouraged, since it may lead to misunderstandings and extended litigation as in this case, yet it is clear that the Court was not compelled to find here that such conduct influenced the verdict, and the defendants' exception is overruled. *McLaughlin* v. *Union-Leader, supra.*

The defendants also assign as error the refusal of the Trial Court to grant a recess so they might obtain expert testimony. It is axiomatic that all such matters regulating the conduct of a trial rest within the discretion of the Presiding Justice. *LaCoss* v. *Lebanon,* 78 N. H. 413, 417. In all the circumstances, including the fact that no sufficient reason appears why defendants' counsel did not have the expert present at the trial (see *Redlon* v. *Corporation,* 90 N. H. 519, 529, 530), we find no abuse of discretion and the defendants' contention must be rejected.

Finally, the defendants claim that the admission of certain alleged expert testimony in the plaintiff's behalf was improper, presents no substantial question. The admissibility of such evidence rests within the sound discretion of the Trial Court. *Dowling* v. *Shattuck,* 91 N. H. 234. The record shows that the witness had extensive experience with the sort of construction

involved here. The Court might well conclude that his opinion based on that experience would be of benefit to the jury. No abuse of discretion appears.

No other exceptions having been briefed or argued, the order is

*Judgment on the verdict.*

All concurred.